UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HECTOR L. ROSADO,

    Petitioner,

v.      CASE NO. 6:05-cv-307-Orl-28KRS

JAMES V. CROSBY, et al.,

    Respondents.

## **ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 6). Petitioner filed a reply to the response (Doc. No. 12).

*Procedural History*

Petitioner was charged by information with carjacking, burglary of a conveyance with an assault or battery, and second degree felony murder. He subsequently entered into a written plea agreement in which he agreed to plead guilty to carjacking and second degree felony murder, and the State agreed to nolle prosequi the remaining count. The state trial court accepted the plea agreement and, pursuant to the plea agreement, sentenced Petitioner on May 25, 2001, to concurrent 22.89 year terms of imprisonment. However, the judgment incorrectly listed the sentences as 22.89 months. By Order dated July 19, 2001, the errors were corrected nunc pro tunc to May 24, 2001.

On April 17, 2003,[1] Petitioner filed a petition for belated appeal with the Florida Fifth District Court of Appeal. A commissioner was appointed. After conducting an evidentiary hearing, the commissioner recommended that the request for a belated appeal be denied. On July 25, 2003, the appellate court denied the petition for a belated appeal. Petitioner filed a motion for rehearing, which was denied. He then filed a second motion for rehearing, which was stricken.

On March 3, 2004, Petitioner executed a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief, which the trial court denied by order dated March 17, 2004. Petitioner filed a motion for rehearing, which was denied as untimely. Petitioner did not appeal the denial of his Rule 3.850 motion.

On or about April 8, 2004, Petitioner executed a Florida Rule of Criminal Procedure 3.800 motion for reduction of sentence, which the trial court denied on May 4, 2004. Petitioner did not appeal the denial.

*Petitioner's Habeas Corpus Petition is Untimely*

Pursuant to 28 U.S.C. § 2244:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So.2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date."). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule, unless otherwise noted.

      (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

Pursuant to § 2244(d)(1)(A), Petitioner had one year, absent any tolling, from the date his convictions became final to file his federal habeas corpus petition. Petitioner's state court judgments are dated May 25, 2001, and were corrected on July 19, 2001. Pursuant to Florida law, he had thirty days to file a direct appeal. *See* Fla. R. App. P. 9.140(b)(3). Since Petitioner did not file a direct appeal, his convictions became final, at the latest, on August 18, 2001 (thirty days following the entry of the corrected judgment). Thus, he had through August 18, 2002, absent any tolling, to file his § 2254 petition. However, the instant proceeding was not filed until February 25, 2005, under the mailbox rule. Since the one year period of limitation ran on August 18, 2002, the instant habeas petition was not timely filed and must be denied.[2]

---

[2] The Court is aware that Petitioner filed various state collateral matters. However, since the one year period concluded before Petitioner initiated any of those proceedings, the tolling provision of section 2244(d)(2) does not apply. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."), *cert. denied*, 531 U.S. 991 (2000).

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. This case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this 15th day of November, 2005.

JOHN ANTOON II
United States District Judge

Copies to:
sa 11/9
Hector L. Rosado
Counsel of Record